1 | SHANNON G. SPLAINE, ESQ.
Nevada Bar No. 8241
2 | **LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3 | 3960 Howard Hughes Parkway
Suite 200
4 | Las Vegas, Nevada 89169
Telephone:  (702) 257-1997
5 | Facsimile:   (702) 257-2203
ssplaine@lgclawoffice.com
6
Attorneys for Defendants,
7 | National Collegiate Student Loan Trust 2004-2,
National Collegiate Student Loan Trust 2005-2,
8 | National Collegiate Student Loan Trust 2005-3,
and National Collegiate Student Loan Trust 2006-3

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | CASE NO.: BK-S-10-33712-MKN |
|---|---|
| JAVIER MEDINA, | CHAPTER 7 |
| Debtor, | |
| JAVIER MEDINA, | ADVERSARY PROCEEDING NO.:  15-01175-mkn |
| Plaintiff, | |
| v. | **DEFENDANTS' NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3 AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3'S MOTION FOR SUMMARY JUDGMENT** |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, Delaware Statutory Trust(s). | |
| Defendants. | Hearing Date:  August 18, 2016
Hearing Time:  1:30 p.m. |

**NOW COMES DEFENDANTS,** National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, and National Collegiate Student Loan Trust 2006-3 (hereinafter, collectively, "defendants"), pursuant to Rule 7056, hereby move for summary judgment.

-1-

I. **INTRODUCTION AND STATEMENT OF UNDISPUTED FACTS**

Between 2004 and 2007 Plaintiff Javier Medina ("plaintiff") borrowed $176,926.17 in student loans from defendants in order to attend Spartan College of Aeronautics. (SUF 1.) Plaintiff acknowledged in the loan contracts that each loan was guaranteed by a non-profit institution and governed by 11 U.S.C. § 523(a)(8). (SUF 2.) Plaintiff has not made any payments on the loans owed to defendants since on or before August 27, 2010, and he currently owes $263,520.59, including principal and interest. (SUF 3.) Plaintiff has admitted all material facts.

Plaintiff has averaged over $45,000.00 in annual income over the last six years. (SUF 4.) He is a member of both Sam's Club and Costco, he subscribes to Netflix, DirecTV, iTunes, T-Mobile, and Cox internet, costing approximately $245.00 per month, and he sends his kids to parochial school at an average cost of $655.00 per month. (SUF 5, 6, 7.) Because he cannot show undue hardship to discharge his student loans under 11 U.S.C. § 523(a)(8) and there are no triable issues of fact, summary judgment should be granted in favor of defendants.

II. **ARGUMENT**

**A. Summary Judgment Is Appropriate When No Genuine Dispute Of Material Fact Requires Trial.**

Summary judgment is appropriate when "no genuine dispute as to any material fact" requires trial. Fed. R. Civ. P. 56(a). When considering a summary judgment motion, the Court must examine all the evidence in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If the moving party does not bear the burden of proof at trial, it may discharge the burden of showing that no genuine issue of material fact remains by demonstrating "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing of an element of its case with respect to which it has the burden of proof. *Id.* at 323; *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102, 1106 (9th Cir. 2000).

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986). The opposing party may not "rest on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 259. Instead, the non-moving party must go beyond the pleadings to designate specific facts showing the existence of genuine issues for trial. *Celotex*, 477 U.S. at 324–25.

A genuine issue exists only when a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87; *see Foster v. Arcata Associates, Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985) (finding the role of summary judgment "is to enable the district courts to identify meritless suits and dispense with them short of trial"). "[T]he moving party is entitled to a judgment as a matter of law" when the nonmoving party fails to make a sufficient showing on an essential element of its case. *Celotex*, 477 U.S. at 323; *Nissan Fire & Marine*, 210 F.3d at 1102.

### B. Plaintiff's Student Loans Are Nondischargeable

Generally, student loan obligations are presumed to be nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(8). Section 523(a)(8) provides:

> A discharge under section 727 . . . does not discharge an individual debtor from any debt-unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents, for (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend.

11 U.S.C. § 523(a)(8)(A). Although "undue hardship" is not defined in the Bankruptcy Code, the Ninth Circuit has recognized that "'[t]he existence of the adjective "undue" indicates that Congress viewed garden-variety hardship as insufficient excuse for a discharge of student loans. . . .'" *United Student Aid Funds v. Pena*, 155 F.3d 1108, 1111 (9th Cir. 1998) (quoting *In re Brunner*, 46 B.R. 752,

///

753 (S.D.N.Y. 1985), (*Aff'd by Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987)).

  To determine if excepting student loans from discharge will create an undue hardship on a debtor, the Ninth Circuit has adopted the three-part test established by the Second Circuit in *Brunner*. *See Pena*, 155 F.3d at 1112; *Rifino v. United States (In re Rifino)*, 245 F.3d 1083, 1086 (9th Cir. 2001). To obtain a discharge of a student loan obligation, the debtor must prove:

  1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans;

  2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

  3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396. Under this test, the burden of proving undue hardship is on the debtor, and the debtor must prove all three elements before discharge can be granted. *Nys v. Educ. Credit Mgmt. Corp. (In re Nys)*, 308 B.R. 436, 441–42 (9th Cir. BAP 2004), *aff'd*, 446 F.3d 938 (9th Cir. 2006). If the debtor fails to prove any one of the three prongs then the debt will not be discharged. *Id.*

  Pursuant to 11 U.S.C. § 523(a)(8)(A) & (B), there are four categories of loans that cannot be discharged in Chapter 7 bankruptcy: (1) loans made, insured, or guaranteed by a governmental unit; (2) loans made under any program partially or fully funded by a government unit or nonprofit institution; (3) loans received as an educational benefit, scholarship, or stipend; and (4) any "qualified educational loan" as that term is defined in the Internal Revenue Code.

  Bankruptcy courts have examined the scope of the "educational benefit" language of section (3) and concluded that so long as the program for which the funds were obtained confers an educational benefit, the loans are non-dischargeable in bankruptcy. *See In re Micko,* 356 B.R. 210, 212 (Bankr. D. Ariz. 2006). It is the purpose of the loan, and not how the funds were used, which determines whether the loan is considered "educational." For example, the fact the debtor may have used the funds for other purposes is irrelevant; if the lender's agreement with the debtor/borrower was predicated on the debtor being a student who needed financial support to get through school, the

///

loan is considered "educational" under § 523(a)(8)(A). *In re Sokolik,* 635 F.3d 261, 266-67 (7th Cir. 2011) (adopting rationale of *Matter of Murphy,* 282 F.3d 868, 873 (5th Cir. 2002).

"[T]he exclusion of educational loans from the discharge provisions was designed to remedy an abuse by students who, immediately upon graduation, filed petition[s] for bankruptcy and obtained . . . discharge[s] of their educational loans." *Andrews Univ. v. Merchant (In re Merchant),* 958 F.2d 738, 740 (6th Cir. 1992).

It cannot be disputed that the student loans at issue were funded by a non-profit institution and conferred an educational benefit on Plaintiff and thus are nondischargeable. *See In re O'Brien,* 419 F.3d 104, 107 (2d Cir. 2005) (finding a loan guaranteed by TERI non-dischargeable); *In re Rodriguez,* 319 B.R. 894, 898 (Bankr. M.D. Fla. 2005) (finding TERI is a nonprofit organization and stating "Congress contemplated that if a debtor borrows money for educational purposes and that loan was funded by a nonprofit corporation, the debts are within the purview of section 523(a)(8).")

### C. Plaintiff Cannot Meet His Burden to Show Undue Hardship.

Plaintiff cannot show, by a preponderance of the evidence, that he is entitled to a discharge under the *Brunner* test. "Moreover, this test must be strictly construed: equitable concerns or other extraneous factors not contemplated by the test may not be imported into the analysis of 'undue hardship.'" *In re Brightful,* 267 F.3d 324, 328 (3d Cir.2001) (citation omitted). The standard that plaintiffs "must meet to discharge their student loans is high and difficult to meet." *In re Rumer,* 469 B.R. 553,563 (Bankr. M. D. Penn. 2012). The Ninth Circuit has established a presumption that a debtor's financial condition will improve, stating:

> We do not presume that an individual's present inability to make loan payments will continue indefinitely. Rather, we hold that the burden is on the debtor to provide the court with additional circumstances, i.e., "circumstances, beyond the mere current inability to pay, that show that the inability to pay is likely to persist for a significant portion of the repayment period. The circumstances need be 'exceptional' only in the sense that they demonstrate insurmountable barriers to the debtors' financial recovery and ability to pay." . . .

///

> We will presume that the debtor's income will increase to a point where [the debtor] can make payments and maintain a minimal standard of living; however, the debtor may rebut that presumption with "additional circumstances" indicating that her income cannot reasonably be expected to increase and that her inability to make payments will likely persist throughout a substantial portion of the loan's repayment period.

*Nys*, 446 F.3d at 946 (citations omitted).

Despite the fact-intensive nature of the "undue hardship" inquiry, summary judgment is appropriate where the relevant facts are uncontroverted, and no questions remain on controlling legal issues. *In re Rice,* 78 F.3d 1144, 1148 (6th Cir.1996).

Here, there are no disputed material facts. The undisputed facts show that Plaintiff has long-term employment in the field of his choice making over $45,000 annually. He has no extraordinary circumstances. He has made no effort to repay his student loans since August 27, 2010. (SUF 3.) These circumstances do not show an "undue" hardship within the meaning of section 523(a)(8). Because Plaintiff cannot show undue hardship, summary judgment should be granted dismissing his complaint.

### i. First Prong of the *Brunner* Test.

The first prong of the *Brunner* test requires the debtor to prove that he cannot maintain, based on current income and expenses, a "minimal" standard of living if forced to repay the loans. *Rifino*, 245 F.3d at 1088. To meet this requirement, the debtor must demonstrate more than simply tight finances. *Id.* (citation omitted). "In defining undue hardship, courts require more than temporary financial adversity, but typically stop short of utter hopelessness." *Id.* (citation omitted). Indeed, the "[p]roper inquiry is whether it would be 'unconscionable' to require the Debtor to take steps to earn more income or reduce her expenses." *United Student Aid Funds, Inc. v. Nascimento (In re Nascimento)*, 241 B.R. 440, 445 (9th Cir. BAP 1999) (internal quotations and citation omitted).

Plaintiff's annual income exceeds $45,000 per year, and has grown over the past six years. (SUF 4.) He belongs to Sam's Club and Costco, and spends approximately $900 per month on cable, music, cellular phone service, and private school tuition. (SUF 5-7.) Such expenses are not necessary

1  to maintain a 'minimal standard of living' under the *Brunner* standard. *See Craig v. Educ. Credit Management Corp.*, 579 F.3d 1040, 1046 (9th Cir. 2009). *See also In re Shells,* 530 B.R. 758 (Bankr. E.D. Cal. 2015) (finding such expenses can disqualify a debtor under the *Brunner* test).

Plaintiff's annual income far exceeds the current federal poverty guidelines. *See* Office of The Assistant Secretary for Planning and Evaluation, *2015 Poverty Guidelines*, U.S. Department of Health & Human Services, https://aspe.hhs.gov/2015-poverty-guidelines (Sept. 3, 2015) ($28,410 per year is the poverty line for a family of five in the contiguous United States in 2015). Under these circumstances, Plaintiff cannot prove that he cannot maintain a "minimal" standard of living if he is required to repay his student loans to defendants.

### ii. Second Prong of the *Brunner* Test.

The second prong requires the debtor to prove that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans. *Rifino*, 245 F.3d at 1088. This part of the test "is intended to effect the clear congressional intent exhibited in Section 523(a)(8) to make the discharge of student loans more difficult than that of other nonexcepted debt." *Id.* at 1088–89 (citations omitted). Thus, a debtor must "demonstrate insurmountable barriers to [the debtor's] financial recovery and ability to pay." *Educ. Credit Mgmt. Corp. v. Nys (In re Nys)*, 446 F.3d at 946 (9th Cir. 2006) (citations omitted). The debtor cannot have a reasonable opportunity to improve his financial situation, yet choose not to do so. *Id., see Rifino*, 245 F.3d at 1089.

Here, Plaintiff's salary, employment history, and financial records establish that there is no impairment to his ability to make student loan payments and maintain a minimal standard of living. Plaintiff has a long-term job and maintains a reasonable standard of living. Thus, he cannot show insurmountable barriers to financial recovery or that he has an inability to pay his student loans.

### iii. Third Prong of the *Brunner* Test.

Finally, the debtor must show that he has made good faith efforts to repay the student loans. *Brunner*, 831 F.2d at 396. The underlying purpose of this requirement is to "forestall students . . . from abusing the bankruptcy system." *Pena*, 155 F.3d at 1111. Good faith is "measured by the debtor's efforts to obtain employment, maximize income, and minimize expenses." *Educ. Credit*

*Mgmt. Corp. v. Mason (In re Mason)*, 464 F.3d 878, 884 (9th Cir. 2006) (citation omitted). While not dispositive, courts will also consider a "debtor's effort—or lack thereof—to negotiate a repayment plan. . ." *Id.* (citation omitted); *Pa. Higher Educ. Assistance Agency v. Birrane (In re Birrane)*, 287 B.R. 490, 499 (9th Cir. BAP 2002); *Roth v. Educ. Credit Mgmt. Corp. (In re Roth)*, 490 B.R. 908 (9th Cir. BAP 2013).

Plaintiff has not made a payment on any of the four loans since August 27, 2010. (SUF 3.) Under these circumstances, Plaintiff cannot show that a good faith effort was made to repay his student loans.

### III.  CONCLUSION

On this basis, defendants request that the Court grant summary judgment denying Plaintiff's complaint to determine dischargeability of his student loans and for other relief as appropriate.

Respectfully submitted this 9th day of June, 2016.

**LINCOLN, GUSTAFSON & CERCOS, LLP**

/s/ Shannon G. Splaine

**SHANNON G. SPLAINE, ESQ.**
Nevada Bar No. 8241
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Attorneys for Defendants,
National Collegiate Student Loan Trust 2004-2,
National Collegiate Student Loan Trust 2005-2,
National Collegiate Student Loan Trust 2005-3,
and National Collegiate Student Loan Trust 2006-3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2016, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Staci D. Ibarrra

Staci D. Ibarrra, an employee
of the law offices of
Lincoln, Gustafson & Cercos

v:\k-o\medina_national\atty notes\drafts\pldgs\20160609_msj.docx