David Mincin, Esq.
Nevada Bar No. 5427
MINCIN LAW, PLLC
528 S. Casino Center, #325
Las Vegas, Nevada 89101
dmincin@lawlasvegas.com
Phone: 702-589-9881
Fax: 702-589-9882
*Attorney for Debtor/Defendant*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Re: JAVIER MEDINA,<br><br>         Debtor. | Case No.: BK-S-10-33712-MKN<br><br>Chapter: 7 |
| JAVIER MEDINA,<br><br>         Plaintiff,<br><br>vs.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, Delaware Statutory Trust (s).<br><br>         Defendants. | Adversary Case No.: BK-S-15-01175-MKN<br><br>Hearing Date: July 18, 2016<br>Hearing Time: 1:30 p.m. |

### PLAINTIFF'S STATEMENT OF DISPUTED FACTS

  Plaintiff objects to Defendants statement of undisputed fact No. 2 as follows: the offered evidence is inadmissible and objected to as hearsay, lacks foundation, and violates the best evidence rule. Defendants must produce proper documentary evidence to demonstrate the loans fall under 11 USC 523 (a) (8). Further, Plaintiff's Exhibit A demonstrates that the Department of Education audit found the school programs at issue to be ineligible.

  Plaintiff does not object to statement of undisputed fact No. 3 but avers that he never received any contact or communications requesting payment until he was suddenly sued in

Page 1 of 3

1  state court in 2015.  Exhibit D further show that he had to affirmatively track this lender down

2  in 2014 and further show his objective, good faith belief that these 16 year old loans were

3  discharged in this case.

4      Plaintiff does not object to statement of undisputed facts No. 4 thru 7 but avers this is

5  irrelevant to the fact that forcing Plaintiff to pay $2,800 per month to satisfy the approximate

6  $265,000 Defendants allege is owed would cause undue hardship (Exhibit C).

7      Plaintiff also offers the following statements of fact from Exhibit B.

8  **INTERROGATORY NO. 21:**

9  Describe and identify all facts supporting your allegation in ¶ 13 of the Complaint that the loans "were not used solely for educational purposes."

10

11  **ANSWER TO INTERROGATORY NO. 21:**

12  To the best of his recollection, federally guaranteed student loans were taken out concurrently with the loans at issue in this case which loans were in fact used to pay tuition and which loans are under hardship repayment plan.  The loans at issue were

13  not used to pay tuition and instead were disbursed to Medina with no restrictions on their use.  To the best of recollection, the loans were used for living expenses and

14  other non educational purposes.  see also List of Witnesses and documents provided concurrently. ee attachments.

15

16  **INTERROGATORY NO. 22:**

17  Describe and identify all facts supporting your allegation in ¶ 14 of the Complaint that "the underlying school which provided the course work was not properly certified and/or the programs in which Medina enrolled were not properly certified."

18

19

20  **ANSWER TO INTERROGATORY NO. 22:**

21  Medina has never received or seen any evidence that the programs he attended were certified.  In addition, see List of Witnesses and documents provided concurrently

22  which provide various articles and records that show the programs Medina attended were not properly certified.

23  **INTERROGATORY NO. 23:**

24  Describe and identify all facts supporting your allegation in ¶ 15 of the Complaint that "the underlying programs purportedly funded by the loans were either shams, or as

25  applied to Medina, was a sham, as Medina was not given a legitimate opportunity to complete his program of instruction and thereby become qualified to earn an income

26  as a licensed aviator."

27

28

Page 2 of 3

W:\2015 - DM\4103med.ncslt\Bankruptcy 10-33712\Adversary\Statement of Disputed Facts DM 07-15-16.wpd    July 15, 2016 (2:37pm)

**ANSWER TO INTERROGATORY NO. 23:**

See above answers. In addition, the school gave preference to international students (blocking time to fly with instructors frequently, minimizing instructors hours to instruct domestic students) which Medina is informed and believes paid cash and/ or higher tuition rates. Regardless, the school failed and refused to give Medina sufficient opportunities to earn flight time which made it impossible to obtain a proper degree, licensing or meaningful employment. see List of Witnesses and documents provided concurrently.

DATED this 15th day of July, 2016.

MINCIN LAW, PLLC

By: /s/ David Mincin
David Mincin, Esq.
Nevada State Bar No. 5427
528 S. Casino Center, #325
Las Vegas, Nevada 89101
*Attorney for Debtor/Defendant*

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Bank.P. 2002 and LR 2002, I certify that I am an employee of Mincin Law, PLLC, and on the 15th day of July, 2016, service of a true and correct copy of the PLAINTIFF'S STATEMENT OF DISPUTED FACTS was made by:

[X]   **ECF SERVICE:** That service was made by electronic transmission through the ECF filing system of the U.S. Bankruptcy Court, District of Nevada to the parties as listed below: and/or

SHANNON G SPLAINE on behalf of Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3
ssplaine@lgclawoffice.com, sibarra@lgclawoffice.com

/s/ Carol Burke
An Employee of Mincin Law, PLLC

Page 3 of 3

W:\2015 - DM\4103med.ncslt\Bankruptcy 10-33712\Adversary\Statement of Disputed Facts DM 07-15-16.wpd        July 15, 2016 (2:37pm)