**SHANNON G. SPLAINE, ESQ.**
Nevada Bar No. 8241
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway
Suite 200
Las Vegas, Nevada 89169
Telephone:  (702) 257-1997
Facsimile:   (702) 257-2203
ssplaine@lgclawoffice.com

**JAMES K. SCHULTZ, ESQ.**
**SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.**
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Telephone: (619) 758-1891
Facsimile:  (619) 296-2013
jschultz@sessions.legal

Attorneys for Defendants,
National Collegiate Student Loan Trust 2004-2,
National Collegiate Student Loan Trust 2005-2,
National Collegiate Student Loan Trust 2005-3,
and National Collegiate Student Loan Trust 2006-3

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.: BK-S-10-33712-MKN |
| JAVIER MEDINA, | CHAPTER 7 |
| Debtor, | |
| _____ | |
| JAVIER MEDINA, | ADVERSARY PROCEEDING NO.:  15-01175-mkn |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, Delaware Statutory Trust(s). | **Hearing Date:  August 18, 2016**<br>**Hearing Time:  1:30 p.m.** |
| Defendants. | |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

**NOW COMES DEFENDANTS,** National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, and National Collegiate Student Loan Trust 2006-3 (hereinafter, collectively, "defendants"), and pursuant to Rule 7056, hereby submits this reply in further support of Defendants' Motion for Summary Judgment and opposition to Plaintiff's Cross-Motion for Summary Judgment.

## I.    **INTRODUCTION**

Plaintiff fails to raise a genuine dispute as to any material fact.  It is undisputed that he is able to maintain a minimum standard of living *and* make payments on his student loans, as he earns over $45,000.00 per year, sends his kids to private schools ($655 per month) and maintains accounts with Sam's Club, Costco, Netflix, DirecTV, iTunes, T-Mobile, and Cox internet ($245.00 per month).  Plaintiff has no undue hardship.  Critically, Plaintiff has not made a good faith effort to repay, failing to make a single payment since August 2010.

Plaintiff cannot dispute that each student loan was guaranteed by a non-profit institution under 11 U.S.C. § 523(a)(8).  The crux of Plaintiff's Opposition is that his undergraduate institution did not provide adequate training and education; however, this argument is not material to the analysis under *Brunner v. New York State Higher Education Services Corp.,* 831 F.2d 395 (2d Cir. 1987)).  Here, Plaintiff has admitted all material facts that doom his claim.

Under the test set forth in *Brunner*, the burden of proving an undue hardship is on the debtor, and the debtor must prove all three elements before discharge can be granted. *Nys v. Educ. Credit Mgmt. Corp.,* 308 B.R. 436, 441–42 (9th Cir. BAP 2004), *aff'd,* 446 F.3d 938 (9th Cir. 2006).  If the debtor fails to prove any one of the three prongs, the debt will not be discharged. *Id.*  A debtor must "demonstrate insurmountable barriers to [the debtor's] financial recovery and ability to pay." *Nys,* 446 F.3d at 946. Here, Plaintiff has *no* barriers. Plaintiff cannot prove *any* element of the three-part "undue hardship" test, and by failing to do so, "the test has not been met and the court need not continue with the inquiry." *Goulet v. Educational Credit Management Corp.*, 284 F.3d 773, 777 (7th Cir. 2002).

-2-

1    Because he cannot show undue hardship to discharge his student loans under 11

2    U.S.C. § 523(a)(8), and there are no triable issues of fact, summary judgment should be

3    granted in favor of Defendants.

4    **II.    <u>THESE ARE NOT TITLE IV FEDERAL LOANS</u>**

5    Plaintiff's Opposition relies almost entirely on the U.S. Department of Education's

6    ("DOE") audit of the Spartan College of Aeronautics and Technology ("Spartan") and the

7    relative value of the undergraduate education he obtained there.  However, this argument is

8    meant to mislead and distract, as the student loans at issue here are not Title IV DOE loans

9    and do not fall under any of the federal government loan programs mentioned in the DOE's

10   report.

11   Following enactment of the Bankruptcy Abuse Prevention and Consumer Protection

12   Act, Pub.L. 109–8, 119 Stat. 23 (April 20, 2005), the section of the Bankruptcy Code

13   governing dischargeability of student loan debt protects four separate categories of

14   educational claims from discharge: (1) loans made, insured, or guaranteed by a

15   governmental unit, (2) loans made under any program partially or fully funded by a

16   governmental unit or nonprofit institution, (3) claims for funds received as an educational

17   benefit, scholarship, or stipend, and (4) any "qualified educational loan" as that term is

18   defined in the Internal Revenue Code. 11 U.S.C. § 523(a)(8); 26 U.S.C. § 221(d)(1).   In this

19   case, all six of Plaintiff's loans fall under category (2) because they were funded by a

20   nonprofit institution, not the government.

21   Here, Plaintiff *admits* in writing—signed and acknowledged—and therefore beyond

22   dispute, that each of his six loans "is subject to the limitations on dischargeability in

23   bankruptcy contained in Section 523(a)(8) of the United States Bankruptcy Code because

24   either or both of the following apply: (a) this loan was made pursuant to a program funded

25   in whole or in part by The Education Resources Institute, Inc. ("TERI"), a non-profit

26   institution, or (b) this is a qualified education loan as defined in the Internal Revenue Code.

27   This means that if, in the event of bankruptcy, my other debts are discharged, I will

28   probably still have to pay this loan in full." [Dkt. 9-3 (Cummins Decl. Ex. A., P. 3 of 4 at ¶

11; Ex. B., P. 3 of 4 at ¶ 11; Ex. C., P. 4 of 5 at 411 11, Ex. D., P. 4 of 5 at ¶ 11, Ex. E, P. 4 of 5 at 11, Ex. F., P. 4 of 5 at ¶ 11).]

The DOE audit of Spartan discusses only federal loan programs under Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071, 1087a, 1087aa et seq. (34 C.F.R. Parts 674, 682, 685).  The DOE audit is irrelevant to the six loans made the subject of this adversary proceeding which are non-federal, nonprofit funded student loans.

The case of *In re Rizor,* No. A15-00383-HAR, 2016 WL 3435837, at *4 (Bankr. D. Alaska June 13, 2016) is directly on point.  There, the student loans provided to the debtor were for his education at an offshore, non-accredited veterinary school.  The loans were funded by a nonprofit institution like TERI.  Because the loans were made under a program partially or fully funded by a nonprofit institution, the loans fell within the discharge exception for student loan debt, regardless of the accreditation of the institution. *Id.*

Moreover, the fact that not "all of the funds were used for educational purposes does not create a material issue of fact that is in dispute. Most courts say the question of whether a loan is for an educational benefit depends *not* how the funds were actually "used," but on the "stated purpose for the loan when it was obtained." *Id.*  (emphasis added) (citing *In re Maas,* 497 B.R. 863, 869 (Bankr.W.D.Mich.2013); *In re Vasa,* 2014 WL 6607512, *3 (Bankr.S.D.2014); *In re Rumer,* 469 B.R. 553, 562 (Bankr.M.D.Pa.2012); and *In re Busson–Sokolik,* 635 F.3d 261, 266 (7th Cir.2011).

III.    **REPUTATION OF SPARTAN NOT A FACTOR**

Plaintiff further argues that he obtained an education that has not been worthwhile to him financially.  However, "the court should not consider the debtor's choice of education in deciding whether to discharge a loan. The risk of marketability of the student's selected education should be borne by the student, not the lender. Otherwise, lenders might be forced to limit education loans to the pursuit of what the lender perceives as marketable degrees and 'students might find it impossible to get student loans to study art history or philosophy.'" *In re Cline,* 248 B.R. 347, 355 (B.A.P. 8th Cir. 2000) (quoting *In re Melton,* 187 B.R. 98, 104 (Bankr.W.D.N.Y.1995). *See also Armstrong v. Accrediting Council For*

1  *Continuing Educ. & Training, Inc.,* 980 F. Supp. 53 (D.D.C. 1997), aff'd sub nom.

2  *Armstrong v. Accrediting Council for Continuing Educ. & Training, Inc.,* 168 F.3d 1362

3  (D.C. Cir. 1999), opinion amended on denial of reh'g, 177 F.3d 1036 (D.C. Cir. 1999)

4  (holding school's loss of accreditation to participate in government loan program did not

5  affect enforceability of student loans entered into prior to such loss of accreditation)

6  **IV.    PLAINTIF FAILS TO RAISE A DISPUTED ISSUE OF MATERIAL FACT**

7          Under Local Bankruptcy Rule 7056(c), Plaintiff was required to file *his* separate

8  statement of disputed facts, itemizing and admitting those facts which are undisputed and

9  denying those which are disputed, "including with each denial a citation to the particular

10  portions of any pleading, affidavit, declaration, deposition, interrogatory answer, admission

11  or other document relied upon in support of that denial."  Plaintiff fails to raise a disputed

12  issue of material fact for the following reasons:

13          a.  Plaintiff does not submit any pleading, affidavit, declaration, deposition,

14              interrogatory answer, admission, or other document into evidence, nor lay the

15              foundation for any such evidence [Dkt. 20];

16          b.  Plaintiff does not itemize any disputed facts, *id.*;

17          c.  Plaintiff does not even dispute Defendants' Statement Undisputed Facts

18              ("SUF") Nos. 1 through 7, *id.;*

19          d.  Plaintiff merely "objects," and only as to SUF No. 2, *id.*; that "Plaintiff's

20              student loans owed to defendants are governed by 11 U.S.C. § 523(a)(8)."  His

21              evidentiary objection is without merit.  Plaintiff admitted, acknowledged, and

22              signed attesting to the applicability of section 523(a)(8) to each loan at issue.

23              [Dkt. 9-3 (Cummins Decl. ¶11, Ex. A., P. 3 of 4 at ¶ 11; Ex. B., P. 3 of 4 at ¶

24              11; Ex. C., P. 4 of 5 at 411 11, Ex. D., P. 4 of 5 at ¶ 11, Ex. E, P. 4 of 5 at 11,

25              Ex. F., P. 4 of 5 at ¶ 11).]  The remainder of his "objection" cites the DOE

26              audit; however, as set forth above, the student loans at issue here are not from a

27              Title IV Federal loan program and the audit is simply irrelevant and

28              immaterial.

1    Plaintiff does not cite any record.  Plaintiff fails to identify any material fact as to

2    which there is a genuine issue precluding summary judgment.

3    **V.    PLAINTIF FAILS THE _BRUNNER_ TEST**

4    Plaintiff cannot show, by a preponderance of the evidence, that he is entitled to a

5    discharge under the _Brunner_ test.  The standard that plaintiffs "must meet to discharge their

6    student loans is high and difficult to meet." _In re Rumer,_ 469 B.R. 553,563 (Bankr. M. D.

7    Penn. 2012).  "Mere financial adversity is insufficient, for that is the basis of all petitions in

8    bankruptcy." _In re Jolie,_ No. 12-61188-7, 2014 WL 929703, at *5 (Bankr. D. Mont. Mar.

9    10, 2014).

10    **A.    PLAINTIFF IS ABLE TO MAINTAIN A "MINIMAL" STANDARD OF**

11    **LIVING _AND_ REPAY DEFENDANTS**

12    Based on his admitted income and expenses, Plaintiff can easily maintain a

13    "minimal" standard of living _and_ make payments on his student loans. _Rifino v. United_

14    _States (In re Rifino)_, 245 F.3d 1083, 1088 (9th Cir. 2001).  Nothing presented in Plaintiff's

15    Response arises to the level of "unconscionable," _United Student Aid Funds, Inc. v._

16    _Nascimento_, 241 B.R. 440, 445 (9th Cir. BAP 1999), and his annual income far exceeds the

17    current federal poverty guidelines. _See_ Office of The Assistant Secretary for Planning and

18    Evaluation, _2015 Poverty Guidelines_, U.S. Department of Health & Human Services,

19    https://aspe.hhs.gov/2015-poverty-guidelines (Sept. 3, 2015)  ($28,410 per year is the

20    poverty line for a family of five in the contiguous United States in 2015).

21    **B.    PLAINTIFF'S SITUATION WILL IMPROVE**

22    The Ninth Circuit has established a presumption that a debtor's financial condition

23    will improve. _Nys_, 446 F.3d at 946.  Plaintiff's Response presents no "insurmountable

24    barriers to [the debtor's] financial recovery and ability to pay." _Id._  Plaintiff has no current,

25    or ongoing hardship.

26    ///

27    ///

28    ///

## C.    NO GOOD FAITH EFFORT TO REPAY

Plaintiff has set forth no facts establishing a good faith effort to repay Defendants. The underlying purpose of "good faith" requirement is to "forestall students . . . from abusing the bankruptcy system." *United Student Aid Funds v. Pena*, 155 F.3d 1108, 1111 (9th Cir. 1998). The Court may consider Plaintiff's refusal to negotiate a repayment plan. *Pa. Higher Educ. Assistance Agency v. Birrane*, 287 B.R. 490, 499 (9th Cir. BAP 2002); *Roth v. Educ. Credit Mgmt. Corp.*, 490 B.R. 908 (9th Cir. BAP 2013). Plaintiff has not made a payment on any of the six loans since August 27, 2010, and he has refused to negotiate a repayment plan. Under these circumstances, Plaintiff cannot show that a good faith effort was made to repay his student loans.

"Good faith is [] assessed by the debtor's demonstrated efforts to pay off his existing loans." *Tetzlaff v. Educ. Credit Mgmt. Corp.*, 794 F.3d 756, 760-61 (7th Cir. 2015), cert. denied, 136 S. Ct. 803, 193 L. Ed. 2d 712 (2016). Plaintiff has not made a good faith effort to make payments on the loans owed to Defendants. Plaintiff has not made a payment in almost six years. *Id.* As such, Plaintiff cannot show he has made a good-faith effort to repay these loans, thus he has failed to satisfy the third prong of the *Brunner* test.

///
///
///
///
///
///
///
///
///
///
///
///

## VI.    <u>CONCLUSION</u>

Defendants have demonstrated that "there is an absence of evidence to support the nonmoving party's case" as to each element of the *Brunner* test.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Respectfully submitted this 29th day of July, 2016.

> */s/James K. Schultz*
> James K. Schultz, Esq.
> Sessions, Fishman, Nathan & Israel, LLP
> 1545 Hotel Circle South, Suite 150
> San Diego, CA  92108-3426
> Telephone: (619) 758-1891
> Facsimile: (619) 296-2013
> Email: jschultz@sessions.legal
>
> */s/Shannon G. Splaine*
> Shannon G. Splaine, Esq.
> Lincoln, Gustafson & Cercos, L.L.C.
> 3960 Howard Hughes Parkway, Suite 200
> Las Vegas, NV  89169
> Telephone: (702) 257-1997
> Facsimile: (702) 257-2203
> Email: ssplaine@lgclawoffice.com
>
> Attorneys for Defendants,
> National Collegiate Student Loan Trust 2004-2,
> National Collegiate Student Loan Trust 2005-2,
> National Collegiate Student Loan Trust 2005-3,
> and National Collegiate Student Loan Trust 2006-3

v.\k-o\medina_national\atty notes\drafts\pldgs\20160729_rply_msj.docx

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of July, 2016, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of records by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Barbara J. Privett, an employee
of the law offices of
Lincoln, Gustafson & Cercos

V:\K-O\Medina_National\POS\20160729 RPLY_bjp.doc

-1-